**WHITE CONSTRUCTION COMPANY, INC., Plaintiff-Appellee,**

v.

**SAUTER CONSTRUCTION COMPANY, INC., Defendant-Appellant.**

**No. 84CA0781.**

Colorado Court of Appeals, Div. II.

Nov. 26, 1986.

As Modified on Denial of Rehearing Dec. 24, 1986.

Lozow, Lozow and Elliott, Charles W. Elliott, Denver, for plaintiff-appellee.

Hall & Evans, Jeffery B. Stalder, Alan Epstein, Denver, for defendant-appellant.

VAN CISE, Judge.

This case arises out of a 1978 construction project undertaken for the City of Denver. Defendant, Sauter Construction Co., Inc. (the general contractor), appeals the trial court's entry of a judgment in favor of plaintiff, White Construction Co., Inc. (the sub-subcontractor). The general contractor also appeals the dismissal of its counterclaims against the sub-subcontractor. We affirm in part, reverse in part, and remand.

The general contractor subcontracted to Story Brothers Drywall Co. (Story) the installation of steel stud framing and drywall. Story in turn contracted the framing work to the sub-subcontractor. At the beginning of the project the sub-subcontractor was being paid by Story.

In August 1978, Story's check to the sub-subcontractor was short. Thereafter, the general contractor wrote checks for payment to Story and the sub-subcontractor jointly, and the sub-subcontractor took its share for its work. The sub-subcontractor's claim in the present case arose from work it allegedly performed in November 1978 for which it was not paid at all.

At trial, the court held that the sub-subcontractor had a statutory right under § 38–26–107, C.R.S. (1982 Repl. Vol. 16A) to collect $2,560 it allegedly was owed for work performed. The court also held that the general contractor's counterclaim for $5,222 for damages based on the cost of re-doing the sub-subcontractor's work because of its negligence was barred on the basis that there was no privity of contract between the general contractor and the sub-subcontractor.

## I.

■ The general contractor first contends the trial court erred in refusing to direct a verdict in its favor on the sub-subcontractor's claim because of the sub-subcontractor's failure to comply with the notice requirements of § 38–26–107, C.R.S. (1982 Repl. Vol. 16A), the statute pertaining to claims for construction work on public projects. We do not agree.

This statute applies only to what the public entity must do and to its liability if it fails to comply. It does not provide a defense to a contractor who is otherwise liable. In any event, it was stipulated that sufficient notice had been given and that

the amount of the claim, $2,560, had been withheld by Denver pending the final outcome of the lawsuit. Therefore, the trial court correctly denied the general contractor's motion for a directed verdict.

## II.

The general contractor next contends the trial court erred by dismissing its counterclaim against the sub-subcontractor and by holding that this claim could be asserted only against Story. The general contractor asserts that a contractual relationship existed between it and the sub-subcontractor which would allow the assertion of a counterclaim. We agree.

At the conclusion of the sub-subcontractor's case-in-chief, the general contractor moved to dismiss the sub-subcontractor's claim on the ground of lack of privity of contract between the sub-contractor and the general contractor. The trial court denied the motion, holding that when the general contractor asked the sub-subcontractor to stay on the job and promised it would insure payment to the sub-subcontractor by issuing a joint check and when, in reliance thereon, the sub-subcontractor continued to work, a contract was formed directly between them.

We agree that a contractual relationship was created between these parties no later than at that time, and, therefore, do not decide whether privity existed prior thereto. Also, contrary to the trial court's reasoning, we hold that this relationship carried with it an obligation on the sub-subcontractor's part to perform in a workmanlike manner and to respond in damages for any breach thereof. *See Helms v. Southwestern Bell Telephone Co.*, 794 F.2d 188 (5th Cir.1986). It would be an incongruous result to hold the general contractor liable for the full amount of the sub-subcontractor's bill while denying the general contractor any right of set-off for poor work that had to be redone at the general contractor's expense.

The judgment dismissing the counterclaim is reversed, and the cause is remanded for a new trial thereon. The judgment in favor of the sub-subcontractor on its complaint is affirmed, but, upon retrial of the counterclaim, is subject to setoff in the event the general contractor prevails thereon.

SMITH and KELLY, JJ., concur.